PER CURIAM.
On April IS, 1966, Appellant Crawford filed in the trial court a motion to quash indictment on the sole ground that Negroes had been excluded from the panel of the grand jury that indicted him on a first degree murder charge in the fall term of 1963. He was convicted on August 12, 1964, and sentenced to life imprisonment on August 18, 1964. He now files “Motion for Correction of Record on Appeal” for a “* * * transcript of Appellant’s trial so as to bring to the attention of the court the errors and malfunctions of Criminal procedures and constitutional violations as transcript clearly shows and in which trial court refuses to furnish appellant so as he may bring a brief now standing before this honorable court.” A transcript consisting of 153 pages reciting all of the proceedings had in the trial court except the trial testimony has been filed in this court, and it is assumed that a copy of same has been furnished to the Appellant.
By this post-conviction proceeding the only matter presented to the trial court by Appellant was the question of the race of the grand jury that indicted him, which was posed by him as a “Motion to Quash Indictment.” This motion was filed more than two years after judgment and sentence was entered. The instant notice of appeal recites that it is from “ * * * the order denying motion to quash indictment.” At the head of the instant motion, a reference is made to “* * * Motion to Vacate Judgment and Sentence.” No such motion ap *306 pears in this record. However, even treating the Motion to Quash as a Motion to Vacate Judgment and Sentence, there appears to be no matter raised which would necessitate a transcript of the trial proceedings.
The motion for correction of record on appeal is denied.
RAWLS, C. J., and JOHNSON and SPECTOR, JJ., concur.